USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RAUL DAVIS,

                Petitioner,

-against-

THE PEOPLE OF NEW YORK STATE

                Respondent.

07-Cv-9265 (SHS)

OPINION AND ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Raul Davis brings this *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) for relief from this Court's 2011 denial of his petition for a writ of habeas corpus. *See Davis v. People,* No. 07-Cv-9265, 2011 WL 2518951 (S.D.N.Y., May 18, 2011) (report and recommendation), *adopted* 2011 WL 2519206 (S.D.N.Y. June 23, 2011). That motion is denied as beyond the scope of Rule 60(b).

## I. BACKGROUND

### A. *State Criminal Proceedings*

On February 26, 2003, Davis was convicted by a Bronx jury of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. *Davis,* 2011 WL 2518951, at *6. On April 15, 2003, Davis was sentenced to a term of twenty-five years to life, which he is currently serving at Sullivan Correctional Facility. *Id.*

Represented by counsel, Davis appealed his conviction to the Appellate Division, First Department, where he asserted that his constitutional rights had been violated in the trial court. The Appellate Division rejected Davis's arguments and affirmed his conviction on June 26, 2007. *People v. Davis*, 839 N.Y.S.2d 50 (1st Dep't 2007). Davis's counsel asked the New York Court of Appeals for leave to appeal. The request included the arguments that were rejected by the Appellate Division, plus an ineffective assistance of counsel claim. *Davis*, 2011 WL 2518951, at *7. Davis's request for leave to appeal was denied on July 26, 2007. *Id.*; *see People v. Davis*, 9 N.Y.3d 864 (2007).

Acting *pro se*, Davis then filed a motion in New York Supreme Court, Bronx County, to vacate his judgment of conviction. Davis claimed that his trial attorney had failed to examine prosecution witnesses about the victim's gang involvement, even though the trial judge was willing to allow such examination if counsel laid a proper foundation. Davis argued that this failure rendered his trial counsel's assistance constitutionally ineffective. *Davis*, 2011 WL 2518951, at *7. The court denied Davis's motion on the merits on January 15, 2009, and the Appellate Division denied Davis's request for leave to appeal on May 5, 2009. *Id.*

B. *Federal Habeas Petition*

Davis also filed a *pro se* petition for habeas corpus in this Court, raising essentially the same arguments that the state courts had rejected. This Court referred the case to Magistrate Judge Frank Maas for a Report and Recommendation ("R&R"). *Id.* Judge Maas found that Davis's claims were procedurally barred because the state court's prior denial rested on adequate and independent state grounds, and Davis failed to exhaust one of his claims in state court. Nonetheless, Judge Maas proceeded to the merits of all of Davis's claims, and rejected them on the merits in his May 18, 2011, R&R. Reviewing Judge Maas's R&R *de novo*, this Court adopted it and dismissed Davis's petition on June 23, 2011. *Davis v. People*, No. 07-

2

Cv-9265, 2011 WL 2519206 (S.D.N.Y., June 23, 2011). Davis filed a notice of appeal on July 14, 2011, and on September 30, 2011, the appeal was deemed by the U.S. Court of Appeals for the Second Circuit to be in default for failure to pay the filing fee and was dismissed. Mandate of USCA, Sept. 30, 2011, ECF No. 23.

C. *This Motion*

Davis now seeks relief pursuant to Rule 60(b) from this Court's denial of his habeas petition. He argues that he was entitled to an evidentiary hearing to pursue the claim of ineffective assistance of trial counsel asserted in his habeas petition, and that he did not get such a hearing because his "jailhouse lawyer" neither asked for one nor objected to Judge Maas's R&R. Affidavit in Support of Motion at ¶ 10, ECF No. 25. Davis seeks relief from the judgment dismissing his habeas petition in order to now proceed with an evidentiary hearing.

## II. DISCUSSION

Rule 60(b) allows for relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). Although a motion may be styled as a Rule 60(b) motion, when it asks for relief from denial of a habeas petition, it may in certain circumstances be considered a second or successive habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *Peace v. United States*, No. 05-Cv-1854, 2011 WL 2471067, at *2 (S.D.N.Y. June 21, 2011). If a Rule 60(b) motion advances a substantive claim for relief that has been previously denied on the merits in a habeas petition, then the Rule 60(b) motion is properly considered to be a second or successive habeas petition. *Gonzalez*, 545 U.S. at 531; *compare Peace*, 2011 WL 2471067, at *2 (considering a Rule 60(b) motion as a second or successive habeas petition where the claim for relief was denied *on the merits* in a habeas proceeding),

*with Alston v. Lee*, No. 01-Cv-2889, 2013 WL 3009739, at *2 (considering a Rule 60(b) motion without construing it as a second or successive habeas petition, where the claim for relief was *procedurally barred* in a habeas proceeding for failure to exhaust).

Conversely, "when a Rule 60(b) motion attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," then the motion does not count as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532; *see Harris*, 367 F.3d at 77 (permitting Rule 60(b) relief from a previous habeas proceeding only when the "motion attacks the integrity of the previous habeas proceeding rather than the underlying criminal conviction"); *Peace*, 2011 WL 2471067, at *2.

Davis's Rule 60(b) motion challenges his underlying conviction, not the integrity of the prior habeas proceedings. Therefore, it is a second habeas petition. Davis contends, as he did in his first habeas petition, that his trial counsel was ineffective because he failed to examine one of the government's witnesses about the victim's alleged gang involvement. *Compare* Motion at ¶ 7; *with Davis*, 2011 WL 2518951, at *15-16. That claim was rejected on the merits in the prior proceeding. *Davis*, 2011 WL 2518951, at *15-16. To the extent Davis attacks the integrity of the habeas proceedings by contending that the "jailhouse lawyer," Affidavit in Support of Motion at ¶¶ 10, 14, ECF No. 25, who assisted him rendered constitutionally ineffective counsel by not requesting an evidentiary hearing and by not objecting to Judge Maas's R&R, such an argument is frivolous: the R&R itself and the absence of any notice of appearance on the docket each reflect that Davis was acting *pro se*. Any assistance that he may have been provided by a "jailhouse lawyer" was not a legal representation.

Because Davis's motion is a second or successive habeas petition, he cannot rely on the line of recent U.S. Supreme Court decisions he cites,

which address when relief from judgment is proper under Rule 60. Unlike here, the initial petitions in those cases were denied on procedural grounds rather than the merits, and so the Rule 60 motions at issue in those appeals were not second or successive habeas petitions. *See Buck v. Davis*, 137 S. Ct. 759, 771 (2017); *Trevino v. Thaler*, 133 S.Ct. 1911, 1916 (2013); *Martinez v. Ryan*, 566 U.S. 1, 7–8 (2012).

The Anti-Terrorism and Effective Death Penalty Act limits federal prisoners' ability to file a second or successive habeas petition. *See* 28 U.S.C. § 2255(h). To file a second or successive habeas petition, a federal prisoner must receive certification from the Court of Appeals that the petition contains newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. *Id.* Because Davis's Rule 60(b) motion is a second habeas petition, this Court may not consider it without authorization from the Second Circuit. The Court therefore has two options: it may either transfer the motion to the Second Circuit for possible certification or it may simply deny the motion as beyond the scope of Rule 60(b). *See Harris*, 367 F.3d at 82 (citing *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir.2002)); *Peace*, 2011 WL 2471067, at *2. The Second Circuit suggests that a district court should give a prisoner notice before transferring a Rule 60(b) motion to the Court of Appeals as a second or successive habeas petition in order that the prisoner be given an opportunity to withdraw or restyle the motion. See *Gitten*, 311 F.3d at 534. Accordingly, in order to give Davis notice and conserve judicial resources, this Court denies Davis's motion as beyond the scope of Rule 60(b). *See Peace*, 2011 WL 2471067, at *2. If he so chooses, Davis may seek an order from the Court of Appeals authorizing a second habeas petition.

## III. CONCLUSION

For the reasons set forth above, Davis's Rule 60(b) motion is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: New York, New York
       November 6, 2017

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.
